JERRY A. MILLER *v.* STATE OF INDIANA.

[No. 1-275A40. Filed December 17, 1975.]

---

2. The affidavit in this case was not prepared or filed until about four (4) years after the plea proceedings.

*John H. Essex*, of Columbus, for appellant.

*Theodore L. Sendak*, Attorney General, *Walter F. Lockhart*, Deputy Attorney General, for appellee.

LOWDERMILK, J.—Defendant-appellant Jerry A. Miller was convicted by a jury of the lesser included offense of possession of a controlled substance, to-wit: marijuana. He had been charged with the unlawful delivery of a controlled substance. Miller raises four errors in this appeal:

(1) Whether the trial court properly overruled defendant's general objection to certain evidence offered in violation of the motion in limine.

(2) Whether the trial court properly overruled defendant's general objection to the testimony of an informer

as to his purchases of marijuana from defendant other than one charged in the indictment.

(3) Whether the trial court properly sustained the State's objection to defendant's question regarding the informer's previous burglary conviction.

(4) Whether the trial court properly refused defendant's motion to elect treatment under IC 1971, 16-13-6.1-16 (Burns Code Ed.).

The defendant was given a determinate sentence of three years and fined $100 and costs, and now appeals that conviction.

## I.

Defendant filed a motion in limine prior to the trial in this case, and the court granted said motion. The order provided that no reference was to be made to any unlawful deliveries of controlled substances except the exact one charged in the grand jury indictment. At the time, the defendant had been charged with an identical offense that was allegedly committed, under identical circumstances, only two days before the crime now in issue.

At trial, the following exchange took place:

Direct Examination—Prosecuting Attorney:

"Q. When you were earlier, when you were first picked up and taken to the Law Enforcement Building, is there any particular reason that you decided to call Jerry A. Miller that particular night?
A. Yes, there was.

Q. What was that reason?
A. Because I made another buy off him before.
Objection—Mr. Long
I object, Your Honor, to this question.
Judge:
Objection overruled.

Q. Go ahead.
A. Because I had made a recent buy before this one.

Q. All right, and did this have anything to do with department policy of making more than one buy if possible?

A. Yes, it is."

In his motion to correct errors, the defendant contends the trial court committed error when it failed to sustain defendant's objection, since the question and answer thereto was in violation of the motion in limine.

We note first that it is well established that to preserve error for review, specific grounds must be stated at the time an objection is made. *Smith* v. *State* (1974), 159 Ind. App. 438, 307 N.E.2d 875. Further, this rule has been applied in the specific instance of a violation of a motion in limine order:

". . . Although the motion to exclude prejudicial evidence remained in effect throughout the trial, we are of the opinion that it was necessary for Jones to make timely objections to the admission of evidence concerning his prior criminal record in order to preserve his error. When the evidence now objected to was introduced there was no objection; there was no request for a ruling by the court; there was no motion to strike testimony; and there was no request for a continuing objection to such evidence. Having failed to object at trial the issue is not preserved for our consideration. *Smith* v. *State* (1974), [159] Ind. App. [438], 307 N.E.2d 875" *Jones* v. *State* (1975), 163 Ind. App. 454, 324 N.E.2d 828.

Here, only the most general objection was made, and there is no indication that the court considered the objection in light of the motion in limine order. Further, there was no request for a cautionary instruction, that the answer be struck, or that a mis-trial be granted. *See White* v. *State* (1971), 257 Ind. 64, 272 N.E.2d 312. There must have been some indication given to the court that the basis for the objection was the motion in limine order. Defendant, having failed to advise the trial court of the basis for his general objection, has not properly preserved this issue for our review.

## II.

The second issue presented is closely related to the one previously discussed. The defendant contends that the above evidence and other evidence subsequently admitted ▮ was offered for the sole purpose of showing a previous offense committed by the defendant, and thus it was offered only to bolster the probability of his guilt on the principle issue. Generally, evidence of conduct which shows or tends to show that defendant committed a crime separate and distinct from the crime for which he is charged is irrelevant and inadmissible, although such evidence is admissible for the limited purpose of showing intent, motive, identity, guilty knowledge, or common scheme or plan. *Fenwick* v. *State* (1974), 159 Ind. App. 311, 307 N.E.2d 86.

It is clear here that this evidence was admissible to show common scheme or plan to deliver controlled substances in violation of the statute. Defendant contends that he was the victim of an "evidential harpoon" under *White* v. *State, supra,* but since we have determined that this evidence was admissible here, such claim is groundless. While there may be reason to believe that this evidence was used as an "evidential harpoon" in order to side-step the motion in limine, we have already held that to preserve error on that ground, specific objection must be made at the time the evidence was offered. Having failed to do so, defendant waived his claimed error.

## III.

Defendant claims error under *Ashton* v. *Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210, inasmuch as the trial court sustained an objection to defendant's cross examination of the said informer. The question had attempted to elicit information about a third degree burglary conviction that the informer had allegedly received. The entire exchange was as follows:

Cross Examination—Defense Attorney Long:

"Q. Have you ever been arrested and/or convicted on any other criminal charges?

A. Do you mean felonies?

Q. Felony or misdemeanor?

A. No felonies, but misdemeanor, yes.

Q. Were you not charged on the 22nd day of . . .

Objection—Mr. Wilson.

Now, Your Honor, I'm going to object to this in light of recent decisions.

Judge:

Unless there's a case going involving rape, arson, there's four or five others involving those things, it is not admissible to impeach a witness. Objection sustained."

Once again, we believe that defendant has not properly preserved his error. From the judge's statement, it is clear that he is sustaining the objection on the grounds that the question sought to elicit information about a conviction for a crime other than those listed in the *Ashton* decision. If defendant felt that the third degree burglary conviction that he intended to bring out fell within the exception of *Ashton,* he had a duty to bring that fact to the attention of the court. Failing to do so, the claimed error is waived.

## IV.

Finally, the defendant contends that the trial court improperly refused defendant's motion to elect treatment under IC 1971, 16-13-6.1-16 (Burns Code Ed.) as a drug abuser. This section provides as follows:

"A drug abuser charged with or convicted of a crime is eligible to elect treatment under the supervision of the department instead of prosecution or imprisonment, as the case may be, unless (a) the crime is a crime of violence, (b) the crime is that of selling a narcotic or dangerous drug, (c) the drug abuser has a record of two (2) or more prior convictions of a crime of violence, .(d) *other criminal proceedings, not arising out of the same incident, alleging commission of a felony are pending against the drug abuser,* or (e) the drug abuser is on probation or parole and the appropriate parole or probation authority does not consent to

that election, or (f) the drug abuser elected and was admitted to a treatment program on two (2) prior occasions within any consecutive two-year period. An eligible drug abuser may not be admitted to a treatment program, however, unless the authorities concerned consent as hereinafter set forth." (Our emphasis.)

The trial court held a hearing on the motion, and subsequently denied the motion on the ground that other criminal proceedings not arising out of the same incident alleging commission of a felony were pending against the appellant.

At said hearing, it developed that two separate indictments for delivery of a controlled substance had been brought against the defendant. This appeal results from a conviction of a lesser included offense under the first indictment. The second indictment was still pending at the time the motion to elect treatment was filed. Both indictments arose under very similar fact situations, and indeed involve alleged deliveries of controlled substances only two days apart, and made to the same paid informer.

Defendant contends that inasmuch as we have found this previous delivery to be part of a common scheme or plan (Part II, *supra*), it follows that defendant qualifies for the election of treatment despite the pendency of the second indictment. Defendant contends he falls within the exception of subsection (d) above, inasmuch as the second indictment arose out of the same incident.

In the alternative he also contends that the second indictment should not be considered, inasmuch as he had filed a motion to dismiss that indictment under IC 1971, 35-3.1-1-10 (c) (Burns Code Ed.) and the motion to dismiss had not been ruled on by the court at the time the motion to elect treatment was required to be filed. He contends that the ruling on the motion to elect treatment should have been deferred until such time as ruling on the motion to dismiss had been entered. He urges that to hold otherwise would effectively abrogate the statute, since indictments subject to a motion to dismiss

could be filed anytime a defendant made a motion to elect treatment, thereby disqualifying the election, even though the second indictment itself was subsequently dismissed.

First, we hold that "common scheme or plan" is a test significantly different from "arising out of the same incident." "Common scheme or plan" implies a series of incidents. Here, the first delivery was a separate incident that was introduced into evidence to show a common scheme or plan to deliver a controlled substance. The second delivery was a part of the common scheme or plan to deliver a controlled substance, but it was not the same incident as the first delivery. Webster's Seventh New Collegiate Dictionary defines "incident" as "an occurrence of an action or situation that is a separate unit of experience." Clearly, the circumstances of the first delivery were separate from the circumstances of the second delivery and/or possession. We find no merit in defendant's first contention.

In regard to defendant's second contention, we find no abuse of discretion on the part of the trial court. IC 1971, 35-3.1-1-10(c) (Burns Code Ed.) provides:

"(c) A defendant who has been tried for one crime may thereafter move to dismiss an indictment or information for a crime which could have been joined for trial with the prior crimes under section 9 (35-3.1-1-9) of this chapter. The motion to dismiss shall be made prior to the second trial, and shall be granted if the prosecution is barred by reason of the former prosecution."

Defendant filed his motion to dismiss, but the trial court refused to rule on the same. The court subsequently denied defendant's petition to elect treatment because other criminal proceedings alleging commission of a felony were pending against the defendant, i.e., he still stood charged with the first delivery.

Had the trial court been under a duty to dismiss the second indictment, a different question would be presented. However, we can find no requirement that this second indictment should

have been dismissed. Nor does the defendant supply us with any reason to find such a requirement, other than a citation to the above quoted statute. That statute is clear that the motion must be granted if the prosecution is *barred* by reason of the former prosecution. Impliedly, the motion need not be granted as a matter of right unless this requirement is met. Inasmuch as the subsequent prosecution was not barred, the trial court did not abuse its discretion in failing to rule on the motion to dismiss, and that being the fact, the court was correct in holding that the pending prosecution prevented defendant from qualifying for the election of treatment under 16-13-6.1-16. Policy arguments to the contrary should be made to the Legislature and not to the courts.

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE—Reported at 338 N.E.2d 733.