JIMMIE POWERS *v.* STATE OF INDIANA

[No. 2-577A170. Filed September 25, 1978. Rehearing denied November 20, 1978. Transfer denied March 13, 1979.]

*Charles R. Deets, III, Moore Sandy Moore & Deets*, of Lafayette, for appellant.

*Theodore L. Sendak*, Attorney General of Indiana, *Robert F. Colker*, Deputy Attorney General, for appellee.

YOUNG, J. — The appellant, Powers, was charged by information on two counts of delivery of a controlled substance. The jury found that he was not entrapped and that he was guilty on both counts. The appellant's belated Motion to Correct Errors alleges that the verdict is not supported by sufficient evidence in that the State failed to meet its burden of showing predisposition, and that the trial court erred in admitting rebuttal evidence of Powers' prior conviction of possessing a controlled substance. The trial court overruled the Motion to Correct Errors, and Powers appeals. We affirm.

The first assigned error is not argued in the appellant's brief, therefore we need not consider it. Ind. Rules of Appellate Procedure, Appellate Rule 8.3(A). Powers argues in support of the second alleged error, that such evidence is inadmissible to show predisposition. Further, he contends that a conviction of possession does not indicate predisposition to sell, assuming it was admissible for such a purpose, and that the pre-

judicial effect of its admission so far outweighed its probative value as to constitute an "evidentiary harpoon."

Powers is correct that as a general rule, evidence of one crime is not admissible to prove another. *Samuels v. State* (1978), 267 Ind. 676, 372 N.E.2d 1186; *Thomas v. State* (1975), 263 Ind. 198, 328 N.E.2d 212. There are a number of exceptions to this rule, notably where the evidence is offered to show intent, motive, purpose, identity or a common scheme. *Willis v. State* (1977), 439 Ind. 267, 370 N.E.2d 907; *Cobbs v. State* (1975), 264 Ind. 60, 338 N.E.2d 632. In addition to these, there is a widely-recognized exception arising when entrapment has been made an issue by a criminal defendant. Entrapment is a substantive defense and a factual question to be determined by the jury. *Thompson v. State* (1972), 259 Ind. 587, 290 N.E.2d 724; *Maynard v. State* (1977), 174 Ind.App. 202, 367 N.E.2d 5; *Whitham v. State* (1977), 173 Ind.App. 63, 362 N.E.2d 486. Once entrapment becomes an issue, the State has the burden of showing the accused's predisposition. *Smith v. State* (1972), 258 Ind. 415, 281 N.E.2d 803; *Gray v. State* (1967), 249 Ind. 629, 231 N.E.2d 793; *Medvid v. State* (1977), 172 Ind.App. 27, 359 N.E.2d 274. Evidence of similar unlawful conduct offered on rebuttal is the most common way of meeting this burden. *See, e.g., Medvid v. State, supra,* at 276; *Payne v. State* (1976), 168 Ind.App. 394, 343 N.E.2d 325, 337-38. *See also* 61 A.L.R.3d 293 and the cases collected therein. Powers relies on *United States v. Johnston* (7th Cir. 1970), 426 F.2d 112, as support for his argument. In that case, however, the erroneously admitted evidence consisted of a series of allusions to the accused's prior activities as a "fence." The court correctly found that such activity had no bearing on the accused's disposition to sell narcotics. The present circumstances are clearly distinguishable. While we do not agree with the Attorney General's proposition that "[p]ossession in itself is a form of dealing of [sic] drugs," we feel it is sufficiently similar unlawful conduct to permit its admission into evidence as bearing on predisposition.

We grant that evidence of prior convictions tends to be prejudicial, but where such evidence is relevant to a material issue, the State's interest in arriving at the truth will prevail. *Lawrence v. State* (1972), 259 Ind. 306, 286 N.E.2d 830, 833; *Boles v. State* (1975), 163 Ind.App. 196, 322 N.E.2d 722, 724. In *Meredith v. State* (1966), 247 Ind. 233, 214 N.E.2d 385, 388, it is explained

The mere fact that evidence is injurious (i.e. prejudicial) to a defendant does not for such reason make it incompetent or inadmissible, if relevant. As a matter of fact, all evidence which is relevant and presented by the State or a party in a law suit is prejudicial. It is introduced for the very purpose of influencing the jury. It is only when evidence is irrelevant, regardless of its damaging (i.e. prejudicial) nature, that it becomes inadmissible.

It is true that competent evidence may be excluded where its probative value is outweighed by its tendency to prejudice. The necessary balancing, however, is the function of the trial judge. *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482; *Boles v. State, supra,* at 725. We do not find that discretion here abused.

On appeal, Powers characterizes this evidence as an "evidentiary harpoon." In order to preserve such an objection, he should have raised the issue at trial by means of a motion for mistrial. *White v. State* (1971), 257 Ind. 64, 272 N.E.2d 312. In any case, evidence having prejudicial tendencies is not necessarily a "harpoon." An "evidentiary harpoon" is defined as improper evidence introduced deliberately by the prosecution in order to prejudice the jury; admissible evidence, no matter how prejudicial or deliberately introduced, is not a "harpoon." *Block v. State* (1976), 265 Ind. 569, 356 N.E.2d 683, 685.

Finding no error, we affirm.

Robertson, J., concurs (sitting by designation)

Lowdermilk, J., concurs (sitting by designation)

NOTE—Reported at 380 N.E.2d 598.