**David GASTON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 4–982A274.

Court of Appeals of Indiana, Fourth District.

July 26, 1983.

Rehearing Denied Sept. 1, 1983.

John D. Clouse, Michael C. Keating, Laurie A. Baiden, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Presiding Judge.

Defendant-appellant David Gaston was convicted by jury of Dealing in A Controlled Substance, a class B felony. In reversing the conviction, we need consider only the following allegations of error:

1. whether the court erred in allowing impeachment testimony regarding Gaston's use of cocaine;

2. whether the court erred in admitting evidence of uncharged distributions of cocaine by Gaston;

3. whether Gaston's alibi witness was improperly impeached;

4. whether the court erred in denying Gaston's motion to dismiss; and

5. whether the court erred in admitting evidence of Gaston's extra-marital affair with a State witness.

On the evening of July 31, 1980, Indiana State Police Detective Richard Barnes drove police informant Leslie Paul Green to the Prince William Inn, an establishment

owned by Gaston and a partner. Barnes and Deputy Sheriff David Knowles waited outside as Green entered the Inn to purchase a gram of cocaine from Gaston. Approximately ten minutes later, Green returned to Barnes' vehicle with $10 remaining from the $110 provided by the police for the transaction and with a gram of cocaine. During the four month interim between this occurrence and Gaston's arrest, Green unsuccessfully attempted to purchase cocaine from Gaston at Barnes' request.

### I.

▉▉▉ During the State's questioning of witnesses Cruse, Loveless, and Knowles, the court allowed certain testimony over Gaston's objections. The bases for the court's rulings was nebulous at times, but the testimony in issue was apparently allowed for the limited purpose of impeachment. It is well-settled that the trial court has broad discretion in determining the permissible scope of cross-examination to test the credibility of a witness. *Schalkle v. State,* (1979) Ind., 396 N.E.2d 384. However, impeachment of a defendant or witness by matters collateral to the case is prohibited. *Brown v. State,* (1981) Ind., 417 N.E.2d 333. A matter is not collateral if the party seeking to introduce it for purposes of contradiction would be entitled to prove it as part of his or her case-in-chief. *Id.; Bryant v. State,* (1973) 261 Ind. 172, 301 N.E.2d 179.

Gaston challenges the admissibility of the following testimony elicited from alibi witness Cruse and Officer Knowles, respectively.

Q. What did you tell Officer Knowles about what you knew about Dave Gaston?

MR. CLOUSE:

To which we object, Your Honor, what he knows about Dave Gaston could be a number of things and could not be relevant to the case at bar. We object.

THE COURT:

Overruled.

A. What was the question again?

Q. I said what did you tell Officer Knowles that you knew about Dave Gaston and cocaine?

A. All I told him, I didn't have any personal knowledge of him with cocaine, just what I . . . hearsay.

Q. I asked you what you told the officer.

MR. CLOUSE:

Your Honor, again we object. Now, he's demonstrated he has no personal knowledge. This is not only irrelevant, it may lead to something entirely prejudicial and improper. What hearsay he knows, how could that possibly be relevant?

THE COURT:

He's entitled to check the credibility of the witness, if he can. Proceed.

MR. ANKENBRAND:

Go ahead.

Q. What did you tell Officer Knowles when you were arrested?

. . . . . .

A. I told Knowles that I had no personal knowledge of Dave Gaston's use of cocaine.

### DIRECT EXAMINATION OF STATE WITNESS KNOWLES

Q. During the time, Officer, you had him stopped, did you have occasion to talk to Mr. Cruse about David Gaston?

A. Yes, sir.

Q. What did he tell you he knew about David Gaston?

. . . . .

A. Mr. Cruse advised me that he worked for Mr. Gaston and I asked him if he had ever . . what he knew about David Gaston, and he said he'd been to a party one time that David Gaston was present at and he observed David Gaston run a line of cocaine.

▉▉▉ The State could not have introduced this evidence as proof that Gaston sold cocaine to Green on July 31. Evidence of criminal activity not reduced to a conviction is inadmissible if irrelevant and produced merely to show the defendant's unsavory

character. *Kerlin v. State,* (1970) 255 Ind. 420, 265 N.E.2d 22; *Meeks v. State,* (1968) 249 Ind. 659, 234 N.E.2d 629; *Coker v. State,* (1980) Ind.App., 399 N.E.2d 857. When entrapment is not an issue, this general prohibition prevents the admission of evidence tending to prove only the defendant's propensity to commit the crime charged. However, evidence proving or disproving a fact in issue is admissible even though it may implicate the defendant or a witness in another crime. *Henderson v. State,* (1980) Ind., 403 N.E.2d 1088. Evidence of prior criminal activity may be an issue if such evidence (1) shows a common scheme or plan, *Manuel v. State,* (1977) 267 Ind. 436, 370 N.E.2d 904, 906; (2) establishes the defendant's guilty knowledge or motive, *Coker v. State, supra,* at 860; (3) shows a witness was under the influence of drugs at the time of the offense, *Lusher v. State,* (1979) Ind.App., 390 N.E.2d 702, 704; or (4) addresses an unrelated incident after the other party "opens the door" to the incident during direct examination of a witness. *Gilliam v. State,* (1978) 270 Ind. 71, 383 N.E.2d 297, 301.

■ None of the above-enumerated exceptions are applicable here. The evidence goes to Gaston's *use* of cocaine prior to July 31, and in no way reflects the reliability of Cruse's perceptions. In addition, the record does not reflect that Gaston "opened the door" to the admission of the evidence.

The evidence could also not be admitted to show Gaston's guilty knowledge or motive. Even though the State bears the burden of establishing each element of the crime charged, knowledge and intent were not in issue as Gaston asserted an alibi defense. *See Hinkle v. State,* (1980) Ind. App., 405 N.E.2d 556.

Lastly, the evidence was not probative of any common plan or scheme. Our Supreme Court has held that evidence of unrelated drug use or transactions by the defendant may be admissible to show a common plan or scheme, *Manuel v. State, supra,* 370

N.E.2d at 906; *Miller v. State,* (1975) 167 Ind.App. 271, 338 N.E.2d 733, but we do not believe the court intended to create an unqualified exception for narcotics cases. Cases involving other crimes have limited the admission of evidence to situations where there are distinguishing similarities linking the prior criminal activity and the crime charged. *See Biggerstaff v. State,* (1977) 266 Ind. 148, 361 N.E.2d 895, and 1 WHARTON, CRIMINAL EVIDENCE 3248 (13th Ed. 1972). Absent that nexus evidence of prior criminal activity would only prove the defendant's propensity to commit the crime charged. If entrapment is not pleaded, such evidence should be excluded for its lack of relevance and its highly prejudicial effect.

The remaining question is the degree of distinctive similarity which renders the evidence probative of a common plan or scheme. Here, the only similarity between the alleged prior activity and the crime charged is that both involved cocaine. This factor alone is insufficient to permit the admission of Gaston's use of cocaine.

A second related reason why the evidence of prior use is not relevant in establishing a common plan or scheme is that Gaston was charged with unlawful dealing. In *Powers v. State,* (1978) 177 Ind.App. 560, 380 N.E.2d 598, we found a defendant's prior use of narcotics is relevant if entrapment is an issue, but stated that possession in itself is not a form of dealing. Evidence of prior use is no more relevant in establishing a common scheme or plan to deal in narcotics than is evidence of public intoxication in proving a common plan or scheme to illegally sell alcohol. *See People v. Stadtman,* (1974) 59 Ill.2d 229, 319 N.E.2d 813.

Because the State could not have introduced the above testimony in its case-in-chief, that evidence was collateral and should not have been admitted to impeach Cruse.[1]

---

1. The court also erred in allowing the State to impeach Cruse by having Knowles recount Cruse's prejudicial and irrelevant statement

that some of the Inn's clientele were drug dealers.

■ We also hold the court erred in admitting the following testimony from Officer Loveless:

Q. What did you tell Officer Barnes you knew about Dave Gaston?

MR. CLOUSE:

To which the defendant again objects, Your Honor. It's speculation, hearsay and conclusions about what you know about someone. This is a criminal trial alleging an offense on a certain day, and the fact that a man may use profanity or any one of a number of other things is irrelevant and can only be prejudicial. We're not trying the moral character of this man, we're trying him for a specific offense and to require us to defend inuendo [sic] and accusations puts us at a great disadvantage.

THE COURT:

He's entitled to cross examine the witness to test his credibility and his ability to remember facts.

Q. What'd you tell Officer Barnes?

A. It was an opinion, I clarified that . . .

Q. Yes, I want to know what you told Officer Barnes, the words.

   \*     \*     \*     \*     \*     \*

A. To the best of my recollection, I said, and I've said it several times, in my opinion David Gaston might snort coke but he's not a big-time coke dealer.

Q. Now, what else did you tell him about what he got that coke for?

A. He what?

Q. What he got that cocaine for.

A. Oh, okay, I said he might possibly be able to secure cocaine for high class friends, if they wanted it.

Q. And himself?

A. And himself.

On re-direct Loveless stated he had never seen Gaston do anything with drugs and that his comments were merely an expression of his opinion.

2. Gaston's character was not an issue at trial.

We are cognizant of those cases holding the admission of opinion testimony by a lay person is within the trial court's sound discretion. *Hedrick v. State,* (1982) Ind., 430 N.E.2d 1150; *Ball v. State,* (1980) Ind.App., 406 N.E.2d 305. In this instance, however, the witness gave no factual basis for his opinions. Officer Loveless' high credibility made his unsubstantiated contentions even more prejudicial to Gaston. Further, we are unclear as to how Loveless' memory was tested by the State's questioning.

Gaston was prejudiced by the court's errors in allowing the above-discussed testimony for impeachment purposes. The erroneously admitted evidence served only to bolster the testimony of the only eyewitness to the crime charged, Green, by impermissibly impugning Gaston's character[2] and by improperly raising the issue of propensity. We therefore reverse the conviction, but we will resolve some of the remaining issues to preclude the repetition of errors during Gaston's new trial.

II.

The jury heard uncorroborated testimony from State witnesses regarding Gaston's alleged use of and prior dealings with cocaine. For reasons already stated, all evidence of Gaston's personal use is irrelevant to the issues of his case and should be excluded regardless of the source.

■ We also hold that the portions of witnesses Church, Touley and Green's testimony concerning prior delivery of cocaine to them by Gaston was inadmissible. As we have discussed, such evidence could only be admitted in this case to establish a common scheme or plan. Again, we find their allegations of past dealings lack sufficiently distinctive similarities to the crime charged. Neither Church nor Touley gave testimony which adequately linked their transactions with the one which allegedly occurred on July 31, 1980.

The same is true of Green's testimony regarding Gaston's prior sales to him. The only similarities were the substance, cost

and place of the transactions. Because there is nothing unique or distinctive about these similarities, we cannot say they provide a link between the crime charged and the alleged prior dealings.[3] As the testimony is not relevant to any issue, its admission would violate Gaston's due process rights by allowing the State, in effect, to try Gaston for crimes not charged. To hold otherwise would be to encourage careless police work by insuring the admission of irrelevant and prejudicial evidence of prior criminal activity.

We do not, however, believe the court erred in admitting evidence of Gaston's oral statement to the police expressing his belief as to why he was arrested. The fact that his comment was not self-explanatory does not render it irrelevant, but rather goes to its weight and not its admissibility.

### III.

Gaston also complains the State improperly questioned alibi witness Cruse about his arrest by Officer Knowles for possession of marijuana.

Evidence of a person's arrest may not be considered as affecting his or her credibility. *Banks v. State,* (1976) 265 Ind. 71, 351 N.E.2d 4. The State, however, argues the arrest shows Cruse's bias against the State and was admissible as bias and prejudice are always relevant. *Pfefferkorn v. State,* (1980) Ind.App., 413 N.E.2d 1088.

The court erred in admitting testimony of Cruse's arrest because it was irrelevant in establishing his bias against the State. The State failed to show the existence of a reasonable degree of probability that Cruse was embittered against the State or Knowles as a result of his arrest and was therefore motivated to fabricate exculpatory testimony. *See Clark v. State,* (1976) 264 Ind. 524, 348 N.E.2d 27, *cert.*

denied, 439 U.S. 1050, 99 S.Ct. 731, 58 L.Ed.2d 711 (1978); *cf. Meeker v. State,* (1979) Ind.App., 395 N.E.2d 301. Because there is no nexus connecting the fact of the arrest and the conclusion of bias, the testimony only served improperly to impeach Cruse and tended to prejudice the jury against Gaston. Any evidence of Cruse's arrest is therefore inadmissible.

### IV.

The court correctly refused to grant Gaston's motion to dismiss based on his allegation that the police purposefully delayed his arrest and thereby violated his right to a speedy trial. We do not decide the merit of this claim as Gaston has failed to inform us of any actual prejudice he has suffered due to the four month delay in his arrest. *See generally Burress v. State,* (1977) 173 Ind.App. 286, 363 N.E.2d 1036.

### V.

Lastly, Gaston alleges the court erred in allowing the prosecution to inquire about Gaston's extra-marital affair with State witness Debra Church. The State argues that this prejudicial testimony was relevant in that it increased the likelihood Gaston gave Church cocaine. We strongly disagree.

The prosecution clearly could establish Church's relationship with Gaston to bolster her credibility as a witness. However, their past physical intimacy is of no logical relevance in proving Gaston gave and sold cocaine to Church. There is also no indication Church was a hostile witness subject to impeachment by the prosecutor. Even if this had been true, the testimony would not have been admissible as their sexual relationship would not *per se* give rise to bias, either favorable or unfavorable. *U.S. v. Harris,* 542 F.2d 1283 (7th Cir.1976). The court erred in admitting the testimony as it

---

**3.** The nature of narcotics cases makes it difficult to elucidate a standard to determine when evidence of prior criminal activity is probative of a common plan or scheme. This is a fact sensitive issue which in the past has apparently been resolved on a case by case basis. For outcomes reached by other courts, *see generally U.S. v. Bosley,* 615 F.2d 1274 (9th Cir.1980); *U.S. v. Knuckles,* 581 F.2d 305 (2d Cir.1978); *U.S. v. Trevino,* 565 F.2d 1317 (5th Cir.1978); and, *U.S. v. Carlson,* 547 F.2d 1346 (8th Cir. 1976).

served no legitimate purpose and was highly prejudicial to Gaston.

The conviction is reversed and the cause is remanded for a new trial in accordance with this opinion.

MILLER and CONOVER, JJ., concur.