**Lindsey CARTER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1182S441.**

Supreme Court of Indiana.

Dec. 26, 1984.

Law Office of Dock McDowell, Jr., Gary, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Lindsey Carter was found guilty by a jury in the Lake Superior Court of class A felony dealing in cocaine and of class B felony dealing in LSD, a schedule I controlled substance. The trial court subsequently sentenced Appellant to twenty-five years imprisonment for his class A felony conviction and to eight years for his class B felony conviction, said terms to be concurrently served. Appellant now directly appeals and raises the following four issues:

1. admissibility of evidence indicating similar deliveries by Appellant of other illegal drugs;

2. denial of Appellant's motion for mistrial;

3. denial of Appellant's motion for directed verdict; and

4. sentencing.

Paula Vido, an undercover narcotics officer, approached Appellant on October 1, 1981, and asked about purchasing some cocaine. In reply, Appellant told Vido and another undercover officer that "he didn't

have any but his brother [Charles] had some." Appellant then offered to accompany Vido to Charles' house in order to complete a purchase. Vido further testified that after he purchased cocaine for $525 at Charles' house, Appellant told him: "If I ever needed to cop anything else, to let him know, he can get it for me." Appellant sat next to Vido during the entire exchange at Charles' house. As Vido prepared to leave, Cheryl Campbell, Charles' girlfriend, inquired if he would like to purchase some LSD. Vido purchased some LSD and, as he prepared to leave, Appellant again told him to call if he ever needed to "cop" anything else. Cheryl Campbell testified that she sold drugs to Vido because Vido was with Appellant and she therefore figured that Vido was "O.K.". She stated that if he had been by himself, she would not have sold to him.

### I

■ Appellant first claims that the trial court committed reversible error by admitting evidence of two marijuana transactions involving Appellant which were analagous in time, place, and mode to the instant illegal drug sales. The testimony was that the two marijuana sales were within three weeks of the instant cocaine and LSD sales and were consummated by the same narcotics agent, Paula Vido. All of the sales were at the same location and involved Appellant and his brother Charles. Notwithstanding the general rule that evidence of prior crimes committed by a defendant which are separate and distinct from the charged crime is inadmissible to prove commission of the charged crime, this Court consistently has held that such evidence is admissible when it tends to prove intent, motive, purpose, identification or common scheme or plan. *Downer v. State*, (1982) Ind., 429 N.E.2d 953. In *Downer*, this Court went on to hold that the admission of evidence of a defendant's prior drug dealings is proper to show a common scheme or plan to engage in drug dealing. We find no error on this issue.

### II

During trial, the State attempted to put into evidence Exhibit B, an ounce of marijuana, and Exhibit D, a pound of marijuana, which were the subjects of the other acts of selling involving Appellant and discussed in Issue I above. The record shows that the trial judge sustained an objection to Exhibit B and refused its admission into evidence. The trial court also admonished the jury:

"The objection of the defense on relevancy is sustained. There is no charge of possession or delivery of marijuana at all."

With regard to Exhibit D, there was no objection to the testimony concerning its purchase. Defense did object, however, when Exhibit D was offered into evidence. Following a discussion outside the hearing of the jury, the prosecution withdrew this Exhibit and it was never admitted into evidence. Appellant now states that the offering of Exhibits B and D amounted to prosecutorial misconduct which entitled him to a mistrial. He moved for mistrial before the trial court but said motion was denied.

■ We repeatedly have held that the reviewing court will reverse a trial court's decision to deny a mistrial motion only when it is shown that the defendant was placed in a position of grave peril to which he should not have been subjected. *Morgan v. State*, (1981) 275 Ind. 666, 419 N.E.2d 964. When the jury is admonished by the trial judge to disregard what has occurred at trial or if other reasonable curative measures are taken, the trial court's refusal to grant a mistrial is not reversible error. *Tinnin v. State*, (1981) 275 Ind. 203, 416 N.E.2d 116. There is no showing here that the State deliberately attempted to admit these Exhibits in order to prejudice Appellant with an "evidentiary harpoon" as Appellant claims. We have held that it was proper to allow testimony tending to prove that Appellant had, in fact, taken part in the delivery and sale of the marijuana represented by these two Exhibits. Since Appellant was charged with the deliv-

ery and sale of cocaine and LSD and there was strong evidence showing these illegal dealings, it hardly can be said that an attempt to offer into evidence amounts of marijuana that were later withdrawn placed Appellant in grave peril to which he should not have been subjected. This Court has noted:

"It is admitted, of course, that as a general rule, evidence which is withdrawn from the consideration of the jury by the direction of the trial judge may not serve as a basis for reversible error, that the direction of exclusion by the court cures any error which may have been committed in its introduction. * * But where, as here, the improper evidence was calculated to make such an impression on the jury that no direction from the court however strong, can eliminate the prejudice thereby created, the trial court must declare a mistrial." [emphasis deleted].

White v. State, (1971) 257 Ind. 64, 74, 272 N.E.2d 312, 318, quoting Helton v. United States, (1955) 221 F.2d 338, 341. We now do not find that the withdrawn Exhibits were calculated to make such an impression on the jury that the direction of exclusion by the trial court could not cure the alleged error.

■ At trial, the State introduced Exhibits A and C which were identified as the cocaine and LSD delivered in this case. With regard to these Exhibits, Police Officers Garnett Watson and Carsten Falkenberg testified as to their chain of custody and as to the proof of their chemical authenticity. The State, however, never offered these two exhibits into evidence. Appellant now claims that it was prosecutorial misconduct to have these exhibits identified but not put into evidence. Although it is not clear why the State did not put these Exhibits into evidence, we fail to find that Appellant has shown that the State engaged in prosecutorial misconduct or in any way improperly prejudiced him. The trial court correctly found that it was not necessary to offer said Exhibits into evidence as there was ample testimony regarding the sale and delivery of said items and as to their chemical makeup. Accordingly, the trial court did not abuse its discretion by denying Appellant's motion for a mistrial.

III

Appellant next claims that the trial court erred by denying his motion for a directed verdict made pursuant to Ind.R.Tr.P. 50. Appellant's claim appears to be based on his contention that the evidence shows that he did not take part in the actual sale and delivery of any cocaine or LSD but was merely present when said sales took place and, further, there was not a sufficient quantitative analysis of the cocaine and LSD to show sufficient amounts present to justify prosecution.

■ To warrant granting a T.R. 50 motion, there must be a total lack of evidence upon some essential issue or the evidence must be without conflict and susceptible of only one inference. Maisonet v. State, (1983) Ind., 448 N.E.2d 1052; Carmon v. State, (1976) 265 Ind. 1, 349 N.E.2d 167. To avoid a directed verdict, the State need merely present a prima facie case. Harris v. State, (1981) Ind., 425 N.E.2d 154. Here the cocaine and LSD exchanges were described by the undercover police officer who made the purchases and who identified Appellant's involvement in it. There was direct testimony from police who established the chain of custody of the drugs and their chemical authenticity. Cheryl Campbell, the girlfriend of Appellant's brother, testified that no sale would have been made without Appellant bringing the undercover police officer for the purchase and remaining present. Appellant is further quoted as telling the undercover police officers to let him know when additional illegal drugs were desired and he would obtain them. It is clear that one who aids another in a criminal offense can be convicted of that same offense as a principal. The evidence need not show that the accomplice personally participated in the commission of each element. Harris, supra. There was sufficient evidence here to show Appellant's involvement in the delivery and sale of the cocaine and LSD and

it was within the province of the trier of fact to determine whether or not those facts merited his convictions. A quantitative analysis of the substances delivered was not necessary for proof of the exact purity of the LSD and cocaine in order to withstand a motion for directed verdict. After all, the testimony of one witness alone may be sufficient to secure a conviction for drug dealing. *Lawhorn v. State*, (1983) Ind., 452 N.E.2d 915. The trial court properly denied Appellant's motion for directed verdict.

## IV

Appellant lastly claims that his sentences constitute cruel and unusual punishment. As grounds for this contention, Appellant claims that his sentences are excessive in duration in relation to the crimes committed. This Court has defined cruel or unusual punishment pursuant to the United States Eighth Amendment and its Indiana counterpart as follows:

"Generally these prohibitions are proscriptions of punishments that are atrocities or obsolete, aimed at form rather than the duration (citations omitted) or excessive in relation to the crime committed. (Citations omitted) If a punishment (1) makes no measurable contribution to acceptable goals of punishment such that it constitutes nothing more than purposeless and needless imposition of pain and suffering or (2) is grossly disproportionate to the severity of the crime, it is excessive and unconstitutional. (Citations omitted)"

*Frappier v. State*, (1983) Ind., 448 N.E.2d 1188, 1190, *quoting Inman v. State*, (1979) 271 Ind. 491, 498, 393 N.E.2d 767, 772.

▆▆▆ Ind.Code § 35–50–2–4 (Burns 1979) provides that one convicted of a class A felony shall be imprisoned for a fixed term of thirty years with not more than twenty years added for aggravating circumstances or not more than ten years subtracted for mitigating circumstances. Ind.Code § 35–50–2–5 (Burns 1979) provides that one convicted of a class B felony shall be imprisoned for a fixed term of ten

years with not more than ten years added for aggravating circumstances or not more than four years subtracted for mitigating circumstances. The record therefore shows that the trial court found mitigating circumstances and imposed sentences less severe than the presumptive sentences since Appellant's sentence for his class A felony was reduced from thirty years to twenty-five years while his sentence for the class B felony was reduced from ten years to eight years. This Court previously has held that, as a standard of review, we will not adjust a sentence which is authorized by statute and is not manifestly unreasonable in light of the nature of the offense and the character of the offender. A sentence is not manifestly unreasonable if any reasonable person could find that sentence to be appropriate. *Johnson v. State*, (1982) Ind., 432 N.E.2d 403; Ind.R.App.Rev.Sect. 2. We do not find the sentences imposed here to be manifestly unreasonable as they are not only in accordance with statutory mandate but actually mitigate from the statutorily dictated presumptive terms. There is no showing that Appellant's sentences constitute cruel and unusual punishment.

Finding no error, we affirm the trial court.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.