**David MULLINS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 985S373.**

Supreme Court of Indiana.

March 2, 1987.

Lawrence O. Sells, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant David Mullins was tried by a jury and convicted of dealing in a narcotic drug, a class A felony. Ind.Code § 35–48–4–1 (Burns 1985 Repl.). The judge sentenced him to the presumptive term of thirty years imprisonment. Mullins now appeals his conviction and sentence, raising the following issues:

1) Whether the evidence is sufficient to support his conviction;

2) Whether trial counsel was ineffective for failing to object to evidence seized during a search of Mullins' home and failing to object to the State's cross-examination regarding Mullins' drug use, and

3) Whether the sentence was unduly harsh and disproportionate to the offense.

These are the facts which support the judgment of the trial court. Following his own, unrelated arrest, an informant agreed to cooperate with the Drug Enforcement Administration (DEA) by acting as a buyer in drug transactions. On May 25, 1984, this informant arranged a purchase of cocaine from a known dealer. DEA agents observing the scene of the purchase saw Mullins and the dealer arrive at the same time and enter a building. The informant subsequently arrived and entered the building, where he saw Mullins pacing as if "waiting for something to happen."

While conducting the purchase in a private room, the informant questioned the weight of the cocaine. The dealer left the informant, had a brief conversation with Mullins, returned and assured the informant that the weight was correct. The informant completed the transaction, left the scene, and turned over the substance to waiting DEA agents. Chemical analysis subsequently demonstrated that the substance was cocaine. The informant later questioned the dealer about the identity of the third party; the dealer explained that the third party was the "delivery boy." At trial, the informant identified Mullins as the third party the whom dealer consulted during the transaction. The DEA Agents identified Mullins as the person who entered the building with the dealer.

As a result of this sale and a subsequent undercover transaction, the dealer was arrested; he in turn implicated Mullins as the supplier of the cocaine sold on May 25, 1984. The dealer testified that he had arranged for Mullins to deliver the cocaine to him at the scene of the purchase. He explained that Mullins was present at the purchase because he was waiting for his money. Mullins received more than six hundred of the seven hundred dollar purchase price paid by the informant. The dealer also testified that he had purchased drugs from appellant on prior occasions.

Mullins was arrested at his home on November 16, 1984. A search conducted at that time revealed scales and a strainer, equipment used to process cocaine, and Inositol, a substance used to dilute cocaine. DEA agents testified about the search, the items recovered, and their common usage in the drug trade.

## I. Sufficiency of the Evidence

Mullins challenges the sufficiency of the evidence, pointing to allegedly conflicting testimony of certain State's witnesses. There was some conflict about whether the dealer and Mullins entered the building together and whether the informant was in the building when Mullins gave the dealer the cocaine. The testimony of the State's witnesses was also contradicted by the testimony of the defendant, who denied his involvement in any drug transactions with the dealer.

Additionally, Mullins points out that both the informant and the dealer had agreed to cooperate with the DEA. Both had been separately charged in the United States District Court with multiple drug-related counts, and both had pled guilty to single counts. The DEA made no recommendation in either case, but the witnesses' cooperation was made known to the sentencing judge. Each received a short period of incarceration and a period of probation. This information was fully revealed to the jury hearing Mullins' case.

Mullins acknowledges that this Court will not reweigh the credibility of witnesses and will consider only the evidence most favorable to the verdict along with all reasonable inferences drawn therefrom to determine whether a reasonable juror could determine guilt beyond a reasonable doubt. Additionally, a conviction may be sustained on the uncorroborated testimony of a single witness. *Lawhorn v. State* (1983), Ind., 452 N.E.2d 915.

In this case, the dealer identified Mullins as the individual who supplied the cocaine sold to the informant. Mullins' presence at the transaction was confirmed by DEA Agents, and his participation was corroborated by reasonable inferences drawn from the informant's testimony. The arrangement between the DEA and the witnesses was fully revealed to the jury. The credibility of these witnesses and the weight of their testimony was within the province of the jury. The jury chose to believe and rely upon the evidence given by the dealer and the informant. It was reasonable to do so.

## II. Ineffective Assistance of Counsel

Mullins alleges that his trial counsel was ineffective for failure to object to testimony regarding the items seized at the time of his arrest and for failure to object to the State's cross-examination regarding his drug use. To prevail on a claim of ineffective assistance of counsel, appellant must first overcome a presumption of competence to show that his attorney's performance was deficient, and, second, he must demonstrate that the defense was prejudiced by the deficient performance. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Fine v. State* (1986), Ind., 490 N.E.2d 305.

In its case in chief, the State questioned a DEA agent about the search of Mullins' home conducted at the time of his arrest. Defense counsel interrupted to pose preliminary questions about the circumstances of the search and objected to any testimony regarding it because the witness had not described the premises with sufficient particularity. This objection was sustained.

After the State established a further foundation as to the premises searched, the witness testified without objection that scales, a strainer and Inositol were found in Mullins' home. He further testified that these items were commonly used in the processing of cocaine.

Mullins argues that his counsel should have objected to this testimony. He does not challenge the validity of the search itself but argues that the paraphernalia seized was evidence of drug usage and therefore was inadmissible as evidence of prior criminal acts. While evidence of prior crimes of the defendant is inadmissible generally to prove commission of the charged crime, *Carter v. State* (1984), Ind., 471 N.E.2d 1111, evidence which is relevant to prove or disprove a fact in issue is admissible even though it tends to show guilt of another crime. *Vanyo v. State* (1983), Ind., 450 N.E.2d 524. The paraphernalia seized was commonly used to process cocaine to produce the type obtained in the transaction charged. Mullins' identification as a supplier of cocaine was at issue, and the paraphernalia seized tended to show that Mullins possessed the equipment necessary to process cocaine. The paraphernalia was therefore relevant to the crime charged and was admissible even though it also tended to suggest the additional crime of possession or use.

Counsel's failure to object to testimony about the paraphernalia seized also could have been a tactical decision. Having prevailed upon his first objection, counsel did not make the unsuccessful objection suggested above. Rather, he cross-examined the DEA agent, highlighting the fact that scales are generally available to the public and that Inositol is generally available at health food stores. This attempt to explain the evidence, rather than exclude it, is a tactical decision within counsel's reasonable professional judgment. Such tactical decisions do not establish ineffective assistance of counsel. *Elliott v. State* (1984), Ind., 465 N.E.2d 707.

Mullins testified in his own defense and denied any involvement in the charged

transaction. Additionally, he testified on direct examination as follows:

Q: Did you at any time sell to [the dealer] any sort of drug at all?

A: No.

Q: Okay. Either before May 25, 1984?

A: No.

Q: Or after May 25, 1984?

A: Never.

The prosecutor then cross-examined Mullins without objection:

Q: Now, are you telling us that you've never sold to [the dealer]? How—you mean for money, right? That's what we're talking about. Drugs for money?

A: I never did give [the dealer] no drugs.

Q: Had you ever just given him drugs for no money?

A: No.

Q: Okay. Do you use drugs yourself?

A: I smoked marijuana.

Q: And where do you usually get that?

A: From [the dealer].

    \*     \*     \*     \*     \*     \*

Q: You are then familiar with places where drugs can be acquired, is that correct?

A: You can just find it any place.

Mullins now alleges that his trial counsel was ineffective for failure to object to these questions because "[e]vidence of criminal activity not reduced to a conviction is inadmissible if irrelevant and produced merely to show the defendant's unsavory character." *Gaston v. State* (1983), Ind. App., 451 N.E.2d 360, 362. However, the prosecutor's examination of Mullins fell within one of the traditional exceptions to this rule: Mullins "opened the door" to these questions by his own testimony. *Carter*, 471 N.E.2d 1111.

Unlike the defendant in *Gaston*, Mullins testified in his own behalf, specifically introducing the topic of drug transactions both *before* and *after* the crime charged. Thus, Mullins "opened the door" to further inquiry about his involvement in other drug transactions. While he testified that he had never sold drugs, the State's inquiry into his possible participation as a buyer was within the scope of the topic he raised.

The trial court is vested with broad discretion in the control of cross-examination. *Blankenship v. State* (1984), Ind., 462 N.E.2d 1311. Allowing the State to cross-examine the defendant on a subject he raised during direct examination was within that discretion.

■ Moreover, any error which might have resulted from Mullins' testimony that he used marijuana was harmless. Mullins' conviction was supported by substantial evidence. Direct testimony from the dealer established that Mullins supplied the cocaine sold to the informant. This testimony was corroborated by the testimony of the informant and DEA agents and was further substantiated by the properly admitted paraphernalia seized from Mullins' home. In light of such evidence, the testimony about Mullins' prior marijuana use did not contribute to the guilty verdict in any significant way and therefore constituted harmless error. *Foust v. State* (1986), Ind., 489 N.E.2d 39.

Counsel was not ineffective for failing to object to cross-examination which was properly allowed as relevant to an issue raised by Mullins on direct examination. The information elicited through cross-examination was harmless at best.

### III. Sentencing

Mullins claims that his sentence of thirty years is unduly harsh and disproportionate to the offense. He points to the less severe sentences received by the informant and the dealer who testified against him, his own criminal history, and the nature of the offense as factors indicating that his sentence is manifestly unreasonable.

■ Sentencing is a matter committed to the discretion of the trial court. *Scruggs v. State* (1986), Ind., 489 N.E.2d 935. A sentence authorized by statute will not be revised on appeal unless the sentence is manifestly unreasonable. *Smith v. State* (1986), Ind., 490 N.E.2d 748; Rule 2, Ind. Rules for Appellate Review of Sentences. In this case, the judge imposed the presumptive sentence. Ind. Code § 35–50–2–4 (Burns 1985 Repl.) The sentences received

by the informant and the dealer do not reflect any undue harshness in appellant's sentence. They were not co-defendants in any cause before the trial court, and the factors that were relevant to their sentencing are not before us. They pled guilty to different charges in federal court and were sentenced accordingly.

Moreover, appellant's own criminal history indicates that the sentence was reasonable in light of the character of the offender. Mullins had two prior narcotic-related felony convictions and a pending narcotics offense. He was charged as an habitual criminal, although that allegation was later dismissed. The two earlier felony convictions resulted in periods of probation, which were apparently unsuccessful in rehabilitating the appellant. An executed sentence is appropriate in this case and well within the trial court's discretion.

The legislature has established the presumptive sentence of thirty years upon conviction for dealing in a narcotic drug. It is the legislature's prerogative to determine the status of the offense and the penalty to be imposed. *Jones v. State* (1983), Ind., 449 N.E.2d 1060. We have held that this sentence is constitutionally permissible. *Hall v. State* (1980), 273 Ind. 425, 403 N.E.2d 1382. Mullins, however, argues that his sentence is unduly harsh in light of the nature of the offense. There is no indication that the nature of the offense committed by Mullins is different in any way from the nature of the offense contemplated by the statute. The presumptive term is appropriate under these circumstances.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.