Kelly, J.
(dissenting). I agree with the majority that, in appropriate circumstances, trial courts may admit evidence of a prior arrest not resulting in conviction for the purpose of establishing witness bias. I agree, also, that neither People v Falkner[1] nor MRE 609 bars this evidence, and that an analysis of whether it is admissible is governed by MRE 401 and MRE 403.
I write separately because I believe this Court should give further guidance about when prior arrests are admissible to show bias. I would require that, before evidence of prior arrests is admitted, there must be a showing that a particularized bias exists. Also, there must be a reasonable degree of probability that the earlier arrest caused the witness to be biased. Such a holding would assist trial judges in *772 analyzing whether to admit evidence of prior arrests to show bias and protect against abusive use of arrests on cross-examination.
Moreover, I disagree with the majority’s conclusion that the trial judge did not abuse his discretion in admitting evidence of Mr. Ganger’s past arrest. I would conclude that the trial judge’s failure to weigh the challenged evidence’s probative value against its danger of prejudice constitutes an abuse of discretion. Because it appears that the error in this case resulted in a miscarriage of justice, I would reverse the Court of Appeals decision. Accordingly, I respectfully dissent.
I. THE ADMISSIBILITY OF PAST ARRESTS TO SHOW WITNESS BIAS
As the majority recites, evidence of a past arrest may be admitted, in appropriate circumstances, to show witness’ bias. And, as United States v Abel[2] states, proof of bias is often relevant because “the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which may bear on the accuracy and truth of a witness’ testimony.”
However, the decision to allow evidence of past arrests that did not result in convictions is an ominous one.[3] First, there is a seemingly endless series of circumstances under which bias could be inferred. See 3A Wigmore, Evidence (Chadboum rev), § 949, p 784. Also, as the majority admits, prejudicial infer- *773 enees may be drawn from this type of evidence. See ante at 768. Thus, the decision to admit past arrests should be undertaken with great caution.
More importantly, admitting evidence of one’s past arrests may have the regrettable effect of deterring witnesses from testifying.[4] This would represent as significant a hindrance to the truth-seeking process as would a rule precluding bias evidence altogether.
For these reasons, I find inadequate the majority’s simple instruction that the bench and bar should “employ the evidentiary safeguards already present” in the Michigan Rules of Evidence when analyzing the admissibility of past arrests to show witness bias. Ante at 768. Let it be clear that I agree that MRE 401[5] and MRE 403[6] are the guiding principles to be used to determine the admissibility of prior arrests to show bias. However, considering the significant concerns associated with admitting them, further direction is warranted.
I would require that, before trial judges admit evidence of earlier arrests to show bias, they find the existence of a particularized bias.[7]
*774 I would require, also, that trial judges find that a reasonable degree of probability exists that the evidence of the earlier arrest caused the witness to be biased. As the court in Smith observed, “[i]n those cases in which courts have countenanced examination about prior arrests or pending charges to suggest bias on the part of the witness, there has generally been a link between the witness’s entanglement with law enforcement and the main case on trial.” Id. at 676. The court in Carolina stated that “there must be a nexus between the arrest of the witness and the conclusion of bias . . . .” Carolina, supra at 666.[8]
These two directives would provide needed assistance to trial judges called upon to make the difficult determination whether to admit evidence of past arrests. More specifically, it would help trial judges determine the probative value of the proffered evidence and whether that value is substantially outweighed by the danger of unfair prejudice. It would also lessen the occurrence of unrelated collateral attacks on witnesses, while keeping the focus of trials on the truth-seeking process.[9]
*775 These directives would be especially helpful where, as here, a witness’ prior arrest is unrelated to the factual circumstances that gave rise to the trial at which he is testifying. I do not deny the possibility that evidence of an earlier arrest may be properly admitted in this scenario.[10] However, if the evidence creates merely a remote inference of bias, it should be excluded. Compare Dardi, supra at 336, with Gaston v State, 451 NE2d 360, 365 (Ind App, 1983).
In Dardi, a witness, Brann, testified for the government. Thereafter, the defense called McCollom, who testified that Brann’s reputation for veracity in Switzerland was “just as poor as it could possibly be.” Id. at 336. On cross-examination, the prosecution asked McCollom whether there was an outstanding warrant against McCollom in Switzerland for. embezzling $50,000. That question fairly probed the likelihood that McCollom harbored a bias against Brann, be *776 cause Brann had revealed information that led to the embezzlement charge. In Gaston there was a prosecution for dealing in a controlled substance. A cross-examination of the defendant’s alibi witness, Cruse, regarding Cruse’s prior arrest for marijuana possession was found to be improper. The Court reasoned that there was no nexus connecting the fact of the arrest and the conclusion of bias.[11]
This case is of the type that presents the greatest challenge to determining the admissibility of prior arrests. I believe that the steps I have articulated would greatly assist trial judges.
n. THE TRIAL COURT’S ABUSE OF DISCRETION
The majority holds that “the trial court did not abuse its discretion in determining that the probative value of Mr. Ganger’s past arrest and acquittal on the same charge pending against defendant was not substantially outweighed by the danger of unfair prejudice.” Ante at 770. I disagree.
This court reviews evidentiary decisions for an abuse of discretion. People v Bahoda, 448 Mich 261, 289; 531 NW2d 659 (1995). The term “discretion” involves “ ‘the idea of choice, of an exercise of the will, of a determination made between competing considerations.’ ” People v Talley, 410 Mich 378, 387; *777 301 NW2d 809 (1981),[12] quoting People v Williams, 386 Mich 565, 573; 194 NW2d 337 (1972).
Here, the trial court, over defense objection,[13] admitted evidence of Mr. Ganger’s prior arrest. It articulated its rationale as follows:
All right. Well, the Court would rule that the evidence is relevant and it’s probative and the issue is whether or not the witness — whether a witness, as in all witnesses’ testimony, is whether the witnesses’ testimony is credible and should be believed.
This is cross-examination. The Prosecutor is entitled to elicit information to support any claim that she may have that he’s biased. She certainly could argue on the one hand that the witness would be biased because he is employed, I would assume, by you and your client. She could also and apparently seeks to do so, argue that as a result of him being accused and acquitted of a crime which he claims he did not do of a very similar nature, that he is therefore biased in the Defendant’s favor and presumably would color his testimony to help the Defendant, another person who he may believe would be also wrongly accused of the same crime.
It’s not being offered under [MRE] 609. It’s not being offered to impeach his credibility because he was convicted of a crime. It’s being offered to show bias for a very specific purpose which the Court would rule is a legitimate purpose and it is relevant and it is material and it is probative and I will allow it.
*778 My review of the record below persuades me that the trial judge failed to conduct any type of MRE 403 balancing analysis.[14] Although the trial judge discussed the challenged evidence’s probative value and relevance, there is no indication that he considered its prejudicial effect.[15] Consequentially, there is nothing in the record supporting the conclusion that the trial judge weighed the danger of unfair prejudice associated with the challenged evidence against its probative value.[16]
Therefore, I find erroneous the majority’s conclusion that the probative value of Mr. Ganger’s past arrest and acquittal was not substantially outweighed by the danger of unfair prejudice. The record establishes that the trial court never made a determination *779 to that effect.[17] Thus, I would hold that the trial court’s failure to do so constitutes an abuse of discretion. See generally Talley, supra at 387; see also United States v Robinson, 174 US App DC 224, 229; 530 F2d 1076 (1976), stating that it is preferable that district courts perform the FRE 403 balancing analysis expressly.
IE. THE ERROR REQUIRES REVERSAL
My determination that the trial court abused its discretion would not end the matter. Rather, this Court can reverse because of the error only if defendant establishes that it is more probable than not that the error resulted in a miscarriage of justice. MCL 769.26. In my view, defendant has sustained his burden.
Here, the only evidence of defendant’s guilt was the testimony of the complainant. Thus, Ganger’s credibility was key. Had the jury believed Ganger’s testimony that the complainant stated on two separate occasions that defendant did not sexually touch her, defendant would likely have been acquitted. The effect of the evidence that defendant’s star witness had been charged with molesting a young child cannot be underestimated. Hence, it affirmatively appears more probable than not that the error was outcome determinative.
*780 IV. CONCLUSION
Evidence of a witness’ past arrests may be admitted to establish bias if, in its sound discretion, the trial court determines that admission is consistent with the safeguards of the Michigan Rules of Evidence. However, to ensure against abuse of this rule, I would require a finding that a particularized bias exists, and that it is reasonably probable that the past arrest caused witness bias.
Here, the trial court’s failure to analyze the challenged evidence’s prejudicial effect and to compare that to its probative value was an abuse of discretion. Because it affirmatively appears that the error in this case resulted in a miscarriage of justice, I would reverse the Court of Appeals decision to affirm defendant’s convictions.
Cavanagh, J., concurred with Kelly, J.

 389 Mich 682; 209 NW2d 193 (1973).

 469 US 45, 52; 105 S Ct 465; 83 L Ed 2d 450 (1984).

 See Carolina v State, 839 P2d 663, 666 (Olda Crim App, 1992), noting the multiple concerns associated with using prior arrests to show bias.

 See State v Taylor, 498 SW2d 614, 619 (Mo App, 1973) (MeMillian, J., concurring); cf. State v Cadena, 9 Ariz App 369, 371-372; 452 P2d 534 (1969), acknowledging that the potential effect of introducing a witness’ prior bad acts is that it may discourage witnesses from testifying.

 “ ‘Relevant evidence’ means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.”

 “Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.”

 An example of particularized bias arises where, for example, the accusation against the defense witness “grew out of the same episode which led to the charge for which the defendant is standing trial.” See Common *774 wealth v Smith, 26 Mass App 673, 678, n 1; 532 NE2d 57 (1988). See also State v Lewis, 328 So 2d 75, 79 (La, 1976), stating that the witness’ bias is admissible where it is “direct or personal, rather than indirect or general in nature.”

 See, e.g., State v Moynahan, 164 Conn 560, 600-602; 325 A2d 199 (1973), holding that there was no error where the prosecutor inquired about a witness’ prior arrest. The arrest stemmed from the same investigation and involved the same type of criminal behavior and the same informer as that pertaining to the defendant’s trial.

 This opinion should not be construed as advocating a heightened standard for admitting prior arrests to show bias. The directives articulated above are not meant to be interpreted as inconsistent with MRE 403. Rather, they are given to (1) protect against misuse of this subject of cross-examination, and (2) provide an enlightened basis for the trial court’s determination of relevance and its decision whether to exclude evidence under MRE 403. In the analogous context of MRE 404(b) evi *775 dence, this Court has given directives for similar reasons. See People v VanderVliet, 444 Mich 52, 74, 89, n 51; 508 NW2d 114 (1993); People v Crawford, 458 Mich 376, 388; 582 NW2d 785 (1998), stressing that the relationship between the proffered MRE 404(b) evidence and the ultimate fact sought to be proven must be “closely scrutinized.” In Crawford, we gave this directive in recognition of the fact that determining the admissibility of other acts evidence is often difficult. See also People v Sabin (After Remand), 463 Mich 43, 63; 614 NW2d 888 (2000), clarifying the degree of similarity required in order to admit evidence based on the theory of common plan, scheme, or system, under MRE 404(b).

 See, e.g., State v Sweeney, 443 So 2d 522, 529-530 (La, 1983), where the prosecutor properly inquired into the prior arrest of the witness. The witness’ prior arrest had been made by the same officers who arrested and testified against the defendant; United States v Dardi, 330 F2d 316, 336 (CA 2, 1964), noting that where a prior arrest may have embittered a witness so as to motivate her testimony in a particular manner, the evidence would be relevant; Waters v State, 360 So 2d 358, 365-366 (Ala Crim App, 1978), there was no error where the prosecutor cross-examined a defense witness about an incident where she was arrested together with defendant, even though the arrest was for a crime unrelated to that prosecution.

 See also Lewis, supra at 79-80, holding that cross-examination of a defense witness directed at whether his brother had been arrested for an unrelated offense was too remote and, thus, improper. The Court explained that any bias that may have resulted from the witness’ arrest was “too remote” and involved “too collateral an issue” to be admissible on a bias theory.

 Partially overruled on other grounds People v Kaufman, 457 Mich 266, 276; 577 NW2d 466 (1998).

 In objecting, defense counsel argued that no exception to the Michigan Rules of Evidence supported the admission of the challenged evidence. He urged that the evidence served merely to suggest to the jury that Mr. Ganger was “a bum.” Furthermore, defense counsel argued that the evidence should not come in until there was a showing that “[Mr. Ganger has] actually got some bias . . . .” Thus, the objection preserved the issue whether the prior arrest was admissible under MRE 403. The prosecutor has not argued otherwise.

 By explicitly weighing the MRE 403 factors, trial courts maintain the appearance of justice by showing the parties that the dictates of the law were recognized and followed. It also facilitates appellate review. See United States v Johnson, 820 F2d 1065, 1069 (CA 9, 1987); United States v Robinson, 544 F2d 611, 616 (CA 2, 1976), aff’d en banc on rehearing 560 F2d 507 (CA 2, 1977), stating that Federal Rule of Evidence 403 (after which MRE 403 is modeled), was designed principally to promote correct factual determinations in individual cases and actual and perceived fairness in the judicial process.

 I do not suggest that trial judges must state magic words in order for their MRE 403 analyses to survive appellate scrutiny. However, there should be some indication on the record that the trial judge conducted the proper inquiry. Compare, State v Micko, 393 NW2d 741, 745 (ND, 1986), finding error where the record revealed that the trial judge failed to make the essential balancing required of him under North Dakota Rule of Evidence 403; with United States v Merriweather, 78 F3d 1070, 1079, n 1 (CA 6, 1996), reluctantly finding no error requiring reversal where the record supported the conclusion that the district court implicitly held that the balance under FRE 403 favored admission; however, the court reiterated that district courts should make an express determination under FRE 403.

 Furthermore, there is no indication that the trial court took any reasonable precautions to lessen the prejudicial effect of the evidence. Cf. Abel, supra at 55, where the district court admitted evidence that a witness belonged to a gang that required its members to commit perjury; however, the court prevented testimony regarding the name of the gang to minimize potential prejudice.

 The majority asserts that the fact of Mr. Ganger’s acquittal on the charge lessens the prejudicial effect. However, there is no indication from the record that the trial court relied on this fact in admitting the challenged evidence. Thus, I find this fact inapposite. See also Old Chief v United States, 519 US 172, 182, n 6; 117 S Ct 644; 136 L Ed 2d 574 (1997), stating that, when reviewing trial courts’ decisions to admit evidence of prior bad acts, “[i]t is important that a reviewing court evaluate the trial court’s decision from its perspective when it had to rule and not indulge in review by hindsight.”