**David Ray BEASLEY, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 982S334.

Supreme Court of Indiana.

Sept. 6, 1983.

Dennis Brinkmeyer, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

The Defendant (Appellant) was convicted after a jury trial of Rape, a class A felony, Ind.Code § 35–42–4–1 (Burns 1979), found to be an Habitual Offender, Ind.Code § 35–50–2–8 (Burns Supp.1982), and sentenced to seventy (70) years imprisonment.

This direct appeal raises two issues:

1) Did the trial court err in denying Defendant's motion for a mistrial predicated upon revelation by the Prosecutrix of Defendant's prior crimes?

2) Whether the Court, during the habitual offender phase of the proceedings, gave an erroneous instruction regarding the consideration of penalties applicable to the charge.

The record disclosed that during the evening of December 7, 1981, the Prosecutrix

and witness Don Davis went to Davis' apartment which he shared with John Earl. There, the Prosecutrix and Davis were joined throughout the evening by several other people, including the Defendant. All of the people were drinking beer. Eventually everyone departed except the Prosecutrix, Davis, Earl, and the Defendant. While both Earl and the Defendant were in another room, Davis and the Prosecutrix, still in the living room of the apartment, engaged in sexual intercourse. When the Defendant returned to the living room and made sexual advances toward the Prosecutrix, Davis asked him to leave. He refused, and an argument ensued. Subsequently, Davis left the apartment, and the Prosecutrix attempted to follow him. The Defendant, however, grabbed her by the coat as she attempted to leave Davis' apartment. The Prosecutrix testified that the Defendant told her he had a gun and that he would kill her if she didn't comply with his demands. She further testified that Defendant took her to an abandoned house nearby, threatened her, and had sexual intercourse with her against her will. When the Defendant fell asleep, she returned to Davis' apartment and told him what had occurred. He subsequently called the police, who arrested the Defendant.

\*　　\*　　\*　　\*　　\*　　\*

### ISSUE I

During the presentation of the Prosecutrix's testimony the following exchange took place with regard to the Defendant's actions immediately prior to his raping of her:

"Q. What did he say? Tell the jury.
"A. He said that he had killed somebody before and \* \* \*." (R. at 137).

Defendant moved for a mistrial contending that the answer was prejudicial and inadmissible inasmuch as there was no foundation for the admission of evidence of his prior criminal activity.

■ Defendant's contention is without merit. The general rule is that evidence of criminal activity other than that which is charged is inadmissible on the question of guilt; however, such evidence may be admitted if it is relevant to show intent, motive, purpose, identification or common scheme or plan. *Taylor v. State,* (1982) Ind., 438 N.E.2d 294, 297; *Grey v. State,* (1980) Ind., 404 N.E.2d 1348, 1352; *Maldonado v. State,* (1976) 265 Ind. 492, 495, 355 N.E.2d 843, 846; *Cobbs v. State,* (1975) 264 Ind. 60, 62, 338 N.E.2d 632, 633. This Court recognizes the *res gestae* exception to the rule that evidence of one crime is not admissible to prove another. *Brown v. State,* (1981) Ind., 417 N.E.2d 333, 337; *Bond v. State,* (1980) Ind., 403 N.E.2d 812, 818; *Gross v. State,* (1977) 267 Ind. 405, 407, 370 N.E.2d 885, 887. Literally, *res gestae* means "things done" and includes acts, statements, occurrences, and circumstances that are "so closely connected to the occurrence as to be part of it." *Roddy v. State,* (1970) 254 Ind. 50, 53, 257 N.E.2d 816, 818.

■ In the case at bar, the Prosecutrix was relating the means by which Defendant had induced her to submit to his demand. She testified that he threatened to kill her and stated that he had killed before. It matters not whether the statement was true; its purpose can be regarded as reinforcing his threat that he would kill her if she did not acquiesce. The statement, therefore, was admissible upon the question of whether her submission to his demand that she have sexual intercourse with him was compelled and as part of the *res gestae* of the offense. *Taylor v. State,* (1982) Ind. 438 N.E.3d 294, 297.

Defendant also argues that the Prosecutrix testified that he, the Defendant, prior to the criminal encounter, told her that he had committed rape before, and he seeks to have the admission of that evidence reviewed as assigned error. A careful reading of the record, however, discloses that such testimony was never related before the jury but only during a hearing upon a defense motion to suppress such evidence. It is, therefore, unnecessary for us to address such argument.

### ISSUE II

■ Over Defendant's timely objection, the court gave its Final Instruction No. 21

respecting the habitual offender phase of the trial:

"These instructions do not contain any information concerning the penalties that could be imposed upon a conviction. The judge is solely responsible for assessing the penalty within a broad range of possibilities. The law has been so written that you may make your decisions without being influenced by the apparent severity or leniency of the sentence." (R. at 386).

Defendant argues that the judge has no sentencing discretion with regard to the habitual offender issue and that enhancement of the sentence by thirty (30) years is mandatory. Defendant contends that for the court to have said that it was his responsibility to impose the penalty "within a broad range of possibilities" was misleading, in that it suggested to the jury that a part of the sentence might be suspended, reduced or set aside. Further, Defendant contends that the jury should have been fully apprised as to the penalty that Defendant would receive if found to be an Habitual Offender.

In the context of this case, Defendant is correct in his contention that the court had no sentencing discretion, and we are of the opinion that to the extent that the instruction suggested otherwise, it was incorrect. Under some circumstances, the trial court does have discretion to reduce the enhanced time by as much as twenty-five (25) years. Ind.Code § 35–50–2–8(e). Because of the form of the verdict, however, it would not have been possible for the judge to determine which two or more of the four prior felony convictions charged the jury attributed to him. *Miller v. State,* (1981) Ind., 417 N.E.2d 339, 342. However, we do not perceive how the defendant could have been harmed by the surplusage. The substance of the instruction clearly advised the jury that it was not to concern itself with the penalty but was to confine itself to consideration of the facts in issue. To have suggested, correctly or incorrectly, that the court had discretion in sentencing, did not detract from such advisement.

 The jury fulfills no sentencing function in an Habitual Offender proceeding. *Owens v. State,* (1981) Ind., 427 N.E.2d 880, 886; *Little v. State,* (1981) Ind., 415 N.E.2d 44, 46. Sentencing is expressly and exclusively the responsibility of the judge. *Harrington v. State,* (1981) Ind., 421 N.E.2d 1113, 1115. The accused has no right to have the jury informed as to the potential penalties for an Habitual Offender. *Goodwin v. State,* (1982) Ind., 439 N.E.2d 595, 601; *Erickson v. State,* (1982) Ind., 438 N.E.2d 269, 272; *State v. Williams,* (1982) Ind., 430 N.E.2d 756, 758; *Comstock v. State,* (1980) Ind., 406 N.E.2d 1164, 1167.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.