Arthur James **ROGERS**, Appellant (Defendant Below),

v.

**STATE** of Indiana, Appellee (Plaintiff Below).

No. 1285–S–524.

Supreme Court of Indiana.

Nov. 16, 1987.

1) Whether the evidence showing his insanity precluded a jury verdict against him, and

2) Whether references to Rogers' criminal record were admissible during the State's questioning of the court-appointed psychologist and psychiatrist.

The evidence showed that Rogers arrived at Cheairs' apartment in Gary about 12:30 p.m. on August 30, 1983. Rogers offered to pay Cheairs $20 to drive him to East Chicago, and Cheairs agreed. Cheairs' girlfriend, Lisa Hill, joined them on the trip. They became lost in East Chicago, and Rogers left the Cheairs vehicle to obtain directions from a nearby motorist. When he returned, Rogers drew a .38 caliber gun and demanded that Cheairs and Hill exit the car. Hill did, but Cheairs refused and attempted to accelerate. Rogers shot Cheairs in the left eye, removed his body from the vehicle, and drove away. Police later found Cheairs' automobile two blocks from Rogers' home.

### I. Proof of Insanity

Rogers claims the murder conviction cannot stand because he proved he was legally insane at the time of the murder. An accused is not responsible for his criminal actions "if, as a result of mental disease or defect, he lacked substantial capacity either to appreciate the wrongfulness of the conduct or to conform his conduct to the requirements of law." Ind.Code § 35-41-3-6(a) (Burns 1979 Repl.).

The defendant has the burden to establish the defense of insanity by a preponderance of the evidence. Ind. Code § 35-41-4-1(b) (Burns 1985 Repl.). A convicted defendant who claims his insanity defense should have prevailed at trial is in the position of one appealing from a negative judgment. We will reverse only when the evidence is without conflict and leads to but one conclusion which the trier of fact did not reach. *Mason v. State* (1983), Ind., 451 N.E.2d 661.

The trial court initially found Rogers incompetent to stand stand and committed him to the Department of Mental Health for further evaluation. The Department

Robert R. Garrett, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

A jury found appellant Arthur James Rogers guilty of felony murder, Ind. Code § 35-42-1-1(b) (Burns 1985 Repl.), in the shooting death of Gary Alan Cheairs in East Chicago. The trial court sentenced Rogers to 45 years imprisonment.

In this direct appeal, Rogers raises two issues concerning the defense of insanity:

reported three months later that Rogers was competent to stand trial, a finding with which the court agreed after a hearing. Upon Rogers' motion, the trial court appointed a clinical psychologist and a psychiatrist to examine him with regard to his sanity at the time of the offense. The clinical psychologist testified that Rogers was not suffering from any mental illness or defect at the time of the murder. Rogers contends that opinion is unreliable because it was based solely on the doctor's interviews with Rogers and not on Rogers' psychiatric history or the opinion of Rogers' treating psychiatrist. This contention constitutes a request that we reweigh the evidence and judge the credibility of the witness. *Young v. State* (1977), 266 Ind. 557, 364 N.E.2d 1180. We will not undertake such a task when reviewing the sufficiency of insanity evidence. *Gentry v. State* (1984), Ind., 471 N.E.2d 263.

The court-appointed psychiatrist testified that Rogers was a chronic paranoid schizophrenic who was legally insane at the time of the murder. Another psychiatrist, who had treated Rogers before the murder, testified for the defense that Rogers was a paranoid schizophrenic. He could not render an opinion as to whether Rogers was legally insane at the time of the murder.

■ Hill testified that Rogers was acting nervous and had a "weird" facial expression when he arrived at Cheairs' apartment. From the time they left the apartment, however, she found Hill's speech and actions "calmer" and said he did not act "crazy." Lay testimony about the accused's conduct at the time of the crime may be considered together with expert testimony when determining whether to hold a person responsible for his acts. *Gentry*, 471 N.E.2d 263. The jury may reject psychiatric testimony indicating the defendant was insane and rely upon lay testimony that the defendant was sane. *Green v. State* (1984), Ind., 469 N.E.2d 1169.

The evidence on the issue of insanity clearly was in conflict and did not lead inexorably to a single conclusion. The jury's rejection of Rogers' insanity defense was not contrary to law.

## II. Evidence of Criminal Record

■ During the testimony of two of the three doctors who had examined Rogers, the prosecutor asked whether they were aware that Rogers had been convicted in 1978 for armed robbery. The prosecutor indicated that, absent the shooting, the facts underlying the earlier conviction were substantially similar to those in the present case. Defense counsel objected. He contended evidence of prior criminal acts was neither relevant to, nor admissible during, psychiatric testimony. Rogers now claims that evidence was so prejudicial as to require reversal.

By raising the defense of insanity, Rogers opened the door to evidence of relevant past behavior, including criminal behavior. The State was entitled to elicit information about Rogers' prior crimes to bear upon the credibility of the conclusions drawn by the doctors. *Whitten v. State* (1975), 263 Ind. 407, 333 N.E.2d 86.

The judgment of the trial court is affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.