Stan Richard BEATTY, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49S00–8804–CR–00411.

Supreme Court of Indiana.

March 13, 1991.

Belle T. Choate, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

The defendant, Stan Richard Beatty, was convicted of three counts of kidnapping, a Class A felony, Ind.Code § 35–42–3–2; three counts of criminal recklessness, a Class D felony, Ind.Code § 35–42–2–2; and one count of carrying a handgun without a license, Ind.Code § 35–47–2–1, as a Class A misdemeanor, Ind.Code § 35–47–2–23. In this direct appeal, he raises four issues:

1. the admissibility of statements regarding criminal history;
2. the granting of a recess to permit a witness to listen to a tape recording;
3. the constitutionality of his sentence; and
4. the sufficiency of evidence.

The trial evidence indicated that the defendant had a stormy romantic relationship with Kathy Hall which resulted in a final breakup in May, 1987. On June 15, 1987, the defendant armed himself and entered Hall's place of employment in a downtown Indianapolis office building. Beatty allowed several employees to leave, and then held hostage Hall and two other female employees, demanding large sums of cash and air transportation out of the country. After 16 hours and extensive telephone negotiations, Beatty was persuaded to release all three women and surrender.

## 1. Admissibility of Statements About Criminal History

The defendant first contends that the trial court erred in admitting portions of tape recordings in which the defendant made statements concerning his criminal history.

Immediately prior to the commencement of trial, the defendant filed a motion in limine seeking to exclude from the jury all matters related to the defendant's prior criminal history. In the course of an ensuing hearing on the motion, the State advised of its intention to introduce tape recorded conversations with the defendant in which he made references to his prior criminal history. The trial court ruled that the taped conversations would be admissible.

At trial, Indianapolis Police dispatcher Frederick M. Williamson testified that on June 15, 1987, he received a call from the defendant, who claimed to be holding hostages. A tape recording of this conversation, State's Exhibit 4, was admitted into evidence and played for the jury notwithstanding the defendant's timely objection. The tape recorded conversation began with the defendant announcing that he was holding several hostages and that he had two guns and dynamite, and if the police were sent, he would "blow somebody away." The recording vividly documents the happening of the charged kidnappings, reflecting that as the dispatcher sought to calm the situation, the defendant's rambling comments expressed unhappiness regarding his relationship with Hall, threatened

death to his hostages and anyone attempting their rescue, and made demands for money and air transportation, interspersing numerous voluntary references to prior criminal history. These latter references were often in the context of seeking to convince the police dispatcher of his determination and capacity to follow through on his threats.

The general rule is that evidence showing the commission of other crimes is inadmissible to prove guilt. *Penley v. State* (1987), Ind., 506 N.E.2d 806; *Biggerstaff v. State* (1977), 266 Ind. 148, 361 N.E.2d 895. However, exceptions to the rule are recognized. Such evidence may be proper to show a defendant's intent or state of mind at the time of the charged offense. *McCormick v. State* (1982), Ind., 437 N.E.2d 993; *Choctaw v. State* (1979), 270 Ind. 545, 387 N.E.2d 1305. Furthermore, evidence of unrelated criminal activity may be admissible under the *res gestae* exception to complete the story of the crime by proving its immediate context. *Forehand v. State* (1985), Ind., 479 N.E.2d 552; *Beasley v. State* (1983), Ind., 452 N.E.2d 982; *Clemons v. State* (1981), Ind., 424 N.E.2d 113. In addition, when, as here, a defendant asserts the defense of insanity, evidence otherwise inadmissible may be proper to show mental state at the time of the offense. *Rogers v. State* (1987), Ind., 514 N.E.2d 1259; *Wood v. State* (1987), Ind., 512 N.E.2d 1094.

For each of these reasons, we find that the trial court did not err in admitting Exhibit 4, including the defendant's references to his previous criminal history.

### 2. Allowing Witness Review of Tape Recording

■ The defendant next contends that the trial court erred by granting a recess to permit a State witness to review the tape recording, Exhibit 4, in order to lay a foundation for its admission into evidence. Officer Williamson testified that he could not positively identify the cassette by its labelling, whereupon the trial court granted a recess to permit the witness, out of the jury's presence, to listen to the cassette.

After doing so, Williamson was able to positively identify the cassette recording, and the State was thus able to show a proper foundation for its admission into evidence.

The defendant argues that this procedure violated his right to a fair trial by impartial judge and jury, thereby violating his right to due process of law. He urges that this procedure constituted an intervention by the trial court analogous to that found improper in *Kennedy v. State* (1972), 258 Ind. 211, 280 N.E.2d 611 and *Decker v. State* (1987), Ind.App., 515 N.E.2d 1129, which both held that it was improper for a trial judge to question witnesses in a manner calculated to impeach or discredit. The State argues that witnesses are routinely permitted to inspect documents in the course of laying a foundation for the admission of evidence.

A trial judge must maintain an impartial manner and refrain from acting as an advocate for either party. *Peek v. State* (1983), Ind.App., 454 N.E.2d 450. However, in granting a recess and permitting the witness to listen to the cassette tape recording for possible authentication as an exhibit, the trial court was completely impartial and in no way impaired the defendant's rights to a fair trial and due process. There is no error on this issue.

### 3. Sentence Constitutionality and Reasonableness

Imposing the maximum possible sentence on each count, the trial court enhanced the 30 year presumptive sentence for Class A felonies by 20 years and sentenced the defendant to 50 years imprisonment on each of the three counts of kidnapping. Similarly, the two year presumptive sentence for Class D felonies was enhanced by two years for sentences of four years on each of the three counts of criminal recklessness. In addition the trial court imposed the maximum one year sentence for the Class A misdemeanor handgun violation. The court ordered the three 50-year sentences to be served consecutively with the other sentences to run concurrently,

resulting in an aggregate sentence of 150 years.

The defendant argues that the enhancement of the presumptive sentence on multiple counts, coupled with imposition of consecutive sentences, constitutes disproportionate sentencing as well as cruel and unusual punishment. He also contends that the sentences are manifestly unreasonable in light of the nature of the offense and the character of the defendant pursuant to Ind. Appellate Rule 17, formerly Ind. Appellate Review of Sentences Rules 1 and 2.

■ The defendant claims that the enhancements to the maximum on each count, coupled with imposition of consecutive rather than concurrent sentences, particularly when the offenses arise from a single continuous transaction, failed to comply with the requirements of Ind.Code §§ 35–38–1–3, 35–38–1–7, and 35–50–2–5. This assertion is not supported by cogent argument or citation to authority, and we are aware of none. In fact, there is no constitutional or statutory prohibition against using the same factors to both enhance a sentence and impose consecutive sentences. *Bish v. State* (1981), Ind., 421 N.E.2d 608; *Abercrombie v. State* (1981), 275 Ind. 407, 417 N.E.2d 316. Moreover, a court may properly rely on prior and distinct offenses to enhance and impose consecutive sentences. *Sage v. State* (1981), 275 Ind. 699, 419 N.E.2d 1286; *Jackson v. State* (1982), Ind.App., 441 N.E.2d 29.

The defendant further argues that the Court failed to consider evidence of his mental state and motive as mitigating factors. The presumptive sentences were enhanced upon the trial court's finding of aggravating circumstances from prior convictions for crimes of violence including robbery, 1978; rape, 1985; escape, 1974; and sexual battery, 1985. As a separate basis for ordering Counts I, II, and III served consecutively, the trial court identified as further aggravating circumstances that any lesser sentence would depreciate the seriousness of the offense and that the defendant was in need of rehabilitative services as provided in an institution. During the sentencing hearing, the trial court expressly stated that he had "listened for mitigating factors and I've not really heard any." Record at 1993.

■ Failure to find mitigating circumstances when clearly supported by the record may imply that they were overlooked and not properly considered. *Jones v. State* (1984), Ind., 467 N.E.2d 681. However, there is no duty on the trial court to make an affirmative finding expressly negating each potentially mitigating circumstance. *Stout v. State* (1988), Ind., 528 N.E.2d 476; *Stark v. State* (1986), Ind., 489 N.E.2d 43. In *Hammons v. State* (1986), Ind., 493 N.E.2d 1250, 1254–55, we observed:

> When a defendant argues mitigating circumstances to the trial court, the sentencing judge is not obligated to explain why he has chosen not to make a finding of mitigation. This is particularly true when an examination of the underlying record shows the highly disputable nature of the mitigating factors. Moreover, the trial court is not obligated to credit or weigh the defendant's evidence of mitigating circumstances the same way the defendant does. [Citations omitted.]

The evidence of the defendant's mental state was conflicting and disputed. It does not clearly support a claim of impaired mental condition as a mitigating circumstance which necessarily should have been considered by the trial court as a mitigating circumstance.

■ The defendant requests that this Court find the sentence imposed to be disproportionate, manifestly unreasonable, and cruel and unusual. Pursuant to *Fointno v. State* (1986), Ind., 487 N.E.2d 140, and *Hill v. State* (1986), Ind., 499 N.E.2d 1103, we recognize that the present aggregate sentence of 150 years is disproportionate at first blush. Further, we are not insensitive to the defendant's suggestion of the "possibility that his aggressive assertion of what he perceived to be his rights may have so impinged upon the patience of the trial court as to lead the court into the

imposition of a sentence excessive by its language and its terms."

The State responds that the sentence imposed was "barely adequate," considering the defendant's terrorizing conduct, likelihood of recurrence, prior convictions for violent crimes, refusal to accept responsibility, absence of remorse, and the threatening of his victims with guns and death. We acknowledge the aggravating factors cited by the State, and note in addition that the defendant's conduct in this case consisted of continuous criminal conduct lasting more than sixteen hours and placed at serious risk of death or substantial injury not only the three hostages but also law enforcement officials and other persons. Considering the nature of the offense and the character of the offender, we decline to find the sentence imposed to be manifestly unreasonable, disproportionate, or cruel and unusual.

■ At the same time, however, we consider it significant here that the defendant ultimately chose to refrain from inflicting bodily injury upon his hostages. The relevance of this factor was discussed in *Fointno.*

> While the absence of such conduct does not in *any* way lessen the severity of the crimes as such, and thus does *not* constitute a mitigating factor justifying a reduction or suspension of the presumptive sentence, the presence of aggravated brutality distinguishes the defendants who commit such acts and justifies a substantially aggravated term where it is present. We do not by this observation debase the seriousness of these crimes themselves. Nor do we suggest that the absence of collateral brutality prevents the imposition of an enhanced sentence. Nevertheless, a rational sentencing scheme should punish more severely those who brutalize the victims of their crimes.

487 N.E.2d at 148 (emphasis in original). A conviction for the offense of kidnapping is punished as a Class A felony, regardless of whether bodily injury is inflicted during the commission of the crime. Ind.Code § 35–42–3–2. The absence of such injury does not diminish the severity of the penalty range to that prescribed for Class B felonies. It is only through the sentencing process that distinctions may be made. While we find no abuse of discretion by the trial court in its determination of the sentence, appropriate use of Article 7 Section 4 of the Constitution of Indiana, granting to this Court the power to review and revise sentences in criminal cases, may provide an incentive that might discourage future hostage-takers from injuring innocent people. Considering these factors, we elect to exercise our constitutional authority to review and revise the sentences for counts I, II and III. We now order that the defendant be sentenced to 45 years on each of counts I, II, and III, with the sentences under counts II and III to run concurrently with each other and consecutive to the sentence on count I, for an aggregate sentence of 90 years on these counts.

### 4. Sufficiency of Evidence

■ As his final contention, the defendant urges that there was insufficient proof of the requisite criminal intent for the convictions. He does not argue that because the evidence demonstrated that he was not responsible by reason of insanity the verdict was contrary to law. Such argument would fail unless the evidence were without conflict and lead to a single conclusion opposite that of the trial court. *Lowery v. State* (1989), Ind., 547 N.E.2d 1046, *cert. denied,* (1990), — U.S. —, 111 S.Ct. 217, 112 L.Ed.2d 176. Rather, the defendant claims that the evidence of mental difficulties and personality disorders was so abundant as to preclude proof of the intent element beyond a reasonable doubt.

■ The State correctly notes that while the burden of proving the defense of insanity rests on the defendant, the burden of proving intent remains on the State. The assertion of the insanity defense does not negate the necessity of the State to prove the required elements of a crime. *Van Orden v. State* (1984), Ind., 469 N.E.2d 1153, *cert. denied,* (1985), 471 U.S. 1104, 105 S.Ct. 2335, 85 L.Ed.2d 851.

In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied*, (1980), 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. Because intent is a mental function and usually must be determined from a person's conduct and resulting reasonable inferences, the element of intent may properly be inferred from circumstantial evidence. *Stout v. State* (1988), Ind., 528 N.E.2d 476; *Mills v. State* (1987), Ind., 512 N.E.2d 846.

The requisite intent element varies among the offenses involved in the present case. The three counts of kidnapping charged that the defendant knowingly confined three persons, with intent to use them as hostages. The counts charging criminal recklessness alleged that he recklessly committed an act that created a substantial risk of bodily injury to another person. As to the count charging the handgun statute violation, it was necessary to prove that the defendant's unauthorized possession of an unlicensed handgun was voluntary. *McAnalley v. State* (1987), Ind., 514 N.E.2d 831.

Applying our standard of review for sufficiency, we note that the trial testimony and tape recordings provided substantial direct and circumstantial evidence of intent. Evidence of the defendant's culpability for the offenses of kidnapping and unlawful handgun possession was presented through his own recorded words. The testimony of the witnesses provided additional facts relevant to the issue of intent for criminal recklessness. Thus there was clear evidence that the defendant: 1) in confining the three victims, acted knowingly and with intent to use them as hostages; 2) in performing an act that created a substantial risk of injury to another, acted recklessly; and 3) in possessing an unlicensed handgun, acted voluntarily. The evidence was sufficient to enable a reasonable trier of fact to find the intent elements proven beyond a reasonable doubt. We find no error on this issue.

The convictions are affirmed, and this cause is remanded to the trial court with instructions to modify the sentencing order consistent with this opinion.

SHEPARD, C.J., and DeBRULER, J., concur.

GIVAN, J., dissents with separate opinion, in which KRAHULIK, J., concurs.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion in that this Court has seen fit to reduce the sentence rendered by the trial court. The sentence in every respect complies with the pertinent statutes and the evidence in this case. Thus, pursuant to the rules of this Court, *see* Ind. Appellate Rule 17, the sentence should not be disturbed. In so doing we are second-guessing the trial court who conscientiously applied the statutes to the facts in this case. We leave the trial courts without any standard whereby they can anticipate our reaction to the sentences they render.

I would affirm the trial court in all respects.

KRAHULIK, J., concurs.