**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JEFFREY G. RAFF**
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SARAH L. THOMPSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1204-CR-176 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

### APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D05-1109-FC-281

**September 17, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Sarah L. Thompson appeals her conviction for battery as a class C felony.[1] Thompson raises one issue which we revise and restate as whether the evidence is sufficient to support her conviction. We affirm.

The facts most favorable to the conviction follow. On May 10, 2011, Patricia Newmon woke up at approximately 6:30 a.m. to the sound of Thompson's lawn mower. Newmon made breakfast and went out to her porch to sit on her porch steps. Newmon told Thompson that she should not be mowing her yard at 6:30 a.m. Thompson stopped mowing her yard and headed toward Newmon. Newmon put her head down for a minute because she thought "well here she comes" and had no idea that Thompson was going to put her hands on Newmon. Transcript at 23. Thompson then picked Newmon up and slammed her down on the concrete which rendered Newmon unconscious. Thompson then stomped her leg down. When Newmon regained consciousness, someone was trying to help her up and another neighbor was calling the police.

Newmon suffered a broken hip as a result of the incident which required surgery and she remained in the hospital for six days. After Newmon returned home, she heard Thompson state to an individual that she "kicked [Newmon's] f------ ass." Id. at 30.

On September 28, 2011, the State charged Thompson with battery as a class C felony. At trial, Newmon and Keith Maydwell, a passerby, testified to the foregoing facts. Maydwell testified that he was in the area and "saw a little lady sittin [sic] a [sic] porch and then [he] saw [Thompson] come across and snatch her off the porch and the [sic] were having words and, and she kinda put a stomp move down on her and cut back

---

[1] Ind. Code § 35-42-2-1 (Supp. 2009) (subsequently amended by Pub. L. No. 114-2012, § 137 (eff. July 1, 2012)).

through the yard." Id. at 50. Maydwell also testified that Thompson was the aggressor and that Newmon "looked like kinda [sic] got her by surprise or whatever but it didn't look like she was aggressive." Id. at 59.

Thompson testified that at one point she called the police to ask them if there was a certain time that she needed to cut her grass in the morning because if she "didn't call and [she] cut[s] her grass it's gonna be a problem," and the police told her "usually between seven (7) or sometime eight (8) o'clock." Id. at 66. According to Thompson's testimony, she had a conversation with a police officer regarding a complaint of the noise level involved in mowing her lawn and the officer told her to wait to mow. Thompson then went over to Newmon and said: "[W]hy would you call the Police on me? Who does that? You need to mind yourself [sic] own business." Id. at 71. Newmon called Thompson "n-----s and b-----s." Id. Thompson also testified that she leaned into Newmon to ask a question, that Newmon stood up and pushed her, and that she then pushed Newmon back and went into her house.

The jury found Thompson guilty as charged. The court sentenced Thompson to four years in the Department of Correction.

The issue is whether the evidence presented was sufficient to support Thompson's conviction. When reviewing claims of insufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. Jordan v. State, 656 N.E.2d 816, 817 (Ind. 1995), reh'g denied. Rather, we look to the evidence and the reasonable inferences therefrom that support the verdict. Id. We will affirm the conviction if there exists evidence of probative value from which a reasonable trier of fact could find the defendant

3

guilty beyond a reasonable doubt. Id. The uncorroborated testimony of one witness is sufficient to sustain a conviction. Ferrell v. State, 565 N.E.2d 1070, 1072-1073 (Ind. 1991). "Because intent is a mental function and usually must be determined from a person's conduct and resulting reasonable inferences, the element of intent may properly be inferred from circumstantial evidence." Beatty v. State, 567 N.E.2d 1134, 1139 (Ind. 1991).

The offense of battery as a class C felony is governed by Ind. Code § 35-42-2-1, which provides that "[a] person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor. However, the offense is . . . a Class C felony if it results in serious bodily injury to any other person . . . ." According to Ind. Code § 35-41-2-2, a person "engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so," and a person "engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Thus, to convict Thompson of battery as a class C felony, the State needed to prove that Thompson knowingly or intentionally touched Newmon in a rude, insolent, or angry manner, and that Newmon suffered serious bodily injury.

Thompson points to her own testimony and argues that "[t]here is no indication that Thompson intended to hurt Newmon" and that "Thompson pushed [Newmon] in response to being pushed herself and the evidence is insufficient to establish that she knowingly or intentionally battered Newmon." Appellant's Brief at 4. The State argues

4

the nature of the attack sufficiently demonstrates that Thompson knowingly battered Newmon.

With respect to Thompson's argument regarding intent, the record reveals that Newmon had her head down and had no idea that Thompson was going to put her hands on Newmon, that Thompson picked Newmon up and slammed her down on the concrete rendering Newmon unconscious, and that Thompson then stomped her leg down. Based upon our review of the record, we conclude that evidence of probative value exists from which the jury could have found Thompson possessed the requisite intent. See Mann v. State, 895 N.E.2d 119, 121-122 (Ind. Ct. App. 2008) (holding that a reasonable jury could have concluded beyond a reasonable doubt that the defendant acted knowingly when he kicked the victim while the victim was lying on the floor).

To the extent that Thompson argues that she acted in self-defense, we observe that self-defense is governed by Ind. Code § 35-41-3-2. A valid claim of self-defense is legal justification for an otherwise criminal act. Wilson v. State, 770 N.E.2d 799, 800 (Ind. 2002). In order to prevail on a self-defense claim, a defendant must demonstrate he was in a place he had a right to be; did not provoke, instigate, or participate willingly in the violence; and had a reasonable fear of death or great bodily harm. Id. The amount of force a person may use to protect herself depends on the urgency of the situation. Harmon v. State, 849 N.E.2d 726, 730-731 (Ind. Ct. App. 2006). However, if a person uses "more force than is reasonably necessary under the circumstances," her self-defense claim will fail. Id. at 731; see also Hollowell v. State, 707 N.E.2d 1014, 1021 (Ind. Ct. App. 1999) ("Where a person has used more force than necessary to repel an attack the

right to self-defense is extinguished, and the ultimate result is that the victim then becomes the perpetrator.").

When a defendant claims self-defense, the State has the burden of disproving at least one of the elements beyond a reasonable doubt. Wilson, 770 N.E.2d at 800. If a defendant is convicted despite her claim of self-defense, we will reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt. Id. at 800-801. A mutual combatant, whether or not the initial aggressor, must declare an armistice before he or she may claim self-defense. Id. at 801 (citing Ind. Code § 35-41-3-2(e)(3) ("[A] person is not justified in using force if . . . the person has entered into combat with another person or is the initial aggressor unless the person withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to continue unlawful action.")).[2] The standard of review for a challenge to the sufficiency of the evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim. Id. We neither reweigh the evidence nor judge the credibility of witnesses. Id. If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the verdict will not be disturbed. Id.

Based upon Newmon's testimony, Thompson was the initial and only aggressor. Likewise, Maydwell, the passerby, testified that Thompson snatched Newmon off the porch, that Thompson was the aggressor, and that Newmon looked like she was surprised and did not look aggressive. Based upon the record, we conclude that the State presented

_____

[2] Ind. Code § 35-41-3-2 was subsequently amended. See Pub. L. No. 161-2012, § 1 (eff. March 20, 2012).

6

evidence of a probative nature from which a reasonable trier of fact could have found that Thompson did not validly act in self-defense and that she was guilty of battery as a class C felony. See <u>Rodriguez v. State</u>, 714 N.E.2d 667, 670-671 (Ind. Ct. App. 1999) (holding that sufficient evidence existed to rebut the defendant's claim of self-defense), <u>trans.</u> <u>denied</u>.

For the foregoing reasons, we affirm Thompson's conviction for battery as a class C felony.

Affirmed.

FRIEDLANDER, J., and PYLE, J., concur.